JOSÉ ASUNCIÓN ESCAPA, Plaintiff and Appellant, *v.* GUSTAVO SALIVA SORIA, Defendant and Appellee.

No. 5032.   Argued November 4, 1929.—Decided January 31, 1930.

*Pascasio Fajardo,* for appellant. *O. Souffront,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

This is an injunction proceeding to recover the possession of a small parcel of land wherein the petition was denied after the hearing of ample evidence.

The transcript was filed in this court on July 9, 1929. On the 22nd of the same month, the appellant moved for an extension of time to file his brief. The motion was denied because the time prescribed for such filing had expired on the 19th.

At this stage the appellee, on July 26th, moved for a dismissal of the appeal on the ground that no brief had been filed, and because the transcript of the evidence failed to comply with the legal requirements therefor. The motion was not heard until November, because the court adjourned for its vacation early in August.

On September 3, 1929, the appellant filed his brief and, on the 21st of the same month, he filed a counter motion resisting the motion to dismiss, accompanied by a certificate from the clerk of the district court and an affidavit of merits. He asked that the record be considered as amended pursuant to the appended certificate.

On October 25 the appellee amended his motion to dismiss by adding the further ground that the brief as filed failed to comply with the rules of this court, in that it did not contain a separate assignment of errors.

On November 4 the appellant, through his counsel, had an opportunity to, and did, argue all the questions involved.

It is unnecessary for us—and accordingly we will not stop—to consider whether or not the transcript of the evidence was duly approved in the district court. The question is rather complicated and would require a long recital of dates without any benefit to the jurisprudence. It may be conceded—assuming the record to have been properly corrected by the said certificate—that the transcript was duly approved.

What is beyond all doubt is that the brief was not filed in time. More than a month had elapsed since the entry of the motion to dismiss, when the brief was filed on September 3. That being so, there is sufficient ground for a dismissal.

However, inasmuch as no jurisdictional ground is involved and a strong appeal has been made to the discretion of this court, we will review the attendant circumstances.

In the first place, the brief submitted fails to comply with the rules of this court. It does not contain a separate assignment of errors. The rule is so clear and so easy to comply with, and the applicable jurisprudence so abundant, that it is incomprehensible how its requirements could be ignored.

Nevertheless, we have made a cursory examination of the brief and have read the opinion of the district judge on which the judgment appealed from is based, and we are inclined to think that the appeal is frivolous. The evidence is voluminous. It consisted of documents and maps, an ocular inspection made by the trial judge, and the testimony of witnesses on both sides, partly conflicting. The question to be determined was one of fact—whether or not the defendant was in possession of a certain parcel of land, approximately six meters long and five meters wide. Both the plaintiff and the defendant own houses in Mayagüez on adjoining lots, and the controversy initiated by the plaintiff arises from the possession of the said parcel of land. In his opinion the trial judge unqualifiedly states: ''From the evidence heard the court has reached the conclusion that the plaintiff José

Asunción Escapa was never in possession of the piece of land, which he claims," and, after a thorough review of the evidence on this point, he further says: "On the other hand the defendant has satisfactorily shown that he and his predecessors in title have had actual possession of the parcel." He continues analyzing the evidence and ends with a summary of his findings. The opinion reveals a careful and painstaking study of the case.

The circumstances above reviewed do not warrant us, therefore, in exercising our discretion in favor of the appellant; and, accordingly, his appeal must be dismissed.

Mr. Justice Texidor took no part in the decision of this case.